# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHAWN BENEDICT, )
      Petitioner, )
)
vs. ) Case No. CIV-14-720-R
)
ROBERT PATTON, DIRECTOR OF, )
THE OKLAHOMA DEPARTMENT OF )
CORRECTIONS, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that it be **DISMISSED** on filing.

## I. Background

In the Oklahoma County District Court, Case No. CF-2009-2012, Petitioner pled guilty to and was convicted of sexual abuse of a child in violation of Okla. tit. 21, § 843.5. According to his Petition, Petitioner was sentenced on December 1, 2010. ECF No. 1:1. Petitioner did not move to withdraw his plea, nor did he appeal his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA).

Petitioner did file an application for post-conviction relief in the trial court, but not until December 10, 2012, two years after his conviction became final. The state district court denied relief on March 27, 2013. ECF No.. 1:6; *see also* attachments to Brief in Support of Petition for Writ of Habeas Corpus, ECF No. 3-1, at 1-7) Petitioner appealed, and the OCCA affirmed the district court's denial of post-conviction relief on August 2, 2013, Case No. PC-2013-391. ECF No. 3-2, at 1-2. Petitioner filed his petition for habeas relief on July 9, 2014.

## II. Petitioner's Grounds for Relief

Petitioner asserts the same grounds for relief in this habeas action as he raised in his application for post-conviction relief before the state district court. First, he contends that the ineffective assistance of his counsel resulted in a guilty plea that was not knowingly, intelligently, and voluntarily entered. ECF No. 1:5. Petitioner's second ground for relief is based on his contention that the statute of limitations for his crimes had run before he was prosecuted for the crimes. ECF 1:6-7. In his third ground for relief Petitioner contends that evidence upon which his prosecution was based was obtained in violation of his *Miranda* rights. ECF No. 1:8. Finally, Petitioner contends that he was denied due process of law under the Fourteenth Amendment by the trial court's having failed to grant an evidentiary hearing on his application for post-conviction relief. ECF No 1:10.

## III. Screening requirement.

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing 2254 Cases in the United States District Courts. Under this rule, the Court may raise the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

## IV. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner pled guilty to the charges lodged against him, his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on December 11, 2010, ten days after his conviction and sentencing on December 1, 2010. *See Williams v. Beck*, 115 Fed. Appx. 32 (10th Cir. Nov. 5, 2004) (citing Okla. Crim. App. R. 4.2(A), Okla. Stat. tit. 22, ch. 18, app.). But Petitioner contends the starting date his limitations period began to run should be governed by § 2244(d)(1)(D) because he found "new evidence" concerning his counsel's alleged ineffectiveness from correspondence with his attorney between February 16, 2012, and November 30, 2012. ECF No. 1:13. As proof, he offers a letter from his attorney dated May 9, 2012, the body of which states:

> Please be advised that I received your recent letter. I know you received copies of police reports, affidavits given, but I will check into the availability of any recorded conversations and if there are [any] available we will provide them for you. I know you used the word transcript several times, but that word is usually used in connection with sworn statements given by a witness at a hearing and there are not any of those. When I find out if there are any available recordings I will let you know immediately.

ECF No. 3-2, at 5. Petitioner also relies on the following affidavit signed by one Carmen Troxel dated November 30, 2012:

> I, Carmen Troxel swear according to the law depose and say: On or about June 24, 2009[,] at 7:45 A.M. I met with Shawn & Mr. Box at Box's law office. After talking a while[,]

4

> Mr. Box advised Shawn that he needed to take a plea deal on 10 charges. Shawn said are you sure this is the best thing to do. Mr. Box was asked if he listened to the tapes & he said he did not need to since Shawn already talked to Edmond Police when they came to his home.

ECF No. 3-2, at 4. This "evidence," itself, defeats Petitioner's assertion that § 2244(d)(1)(D) should dictate the date upon which the one-year limitations period should begin to run. By its terms, § 2244(d)(1)(D) extends the date upon which the limitations period begins to run only to the "date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." Ms. Troxel's Affidavit plainly states that she accompanied Petitioner to his attorney's office on or about June 24, 2009, at which time the attorney candidly admitted that he had not "listened to the tapes" (ECF 13-2 at 4). Therefore, it is evident that Petitioner knew or should have known the "factual predicate" of his claim of ineffective assistance of counsel before he was even convicted.

Thus, without statutory or equitable tolling, Petitioner's statute of limitations expired on December 11, 2011, his habeas Petition is untimely, and the Court should dismiss the Petition upon initial review.

### A. Statutory tolling.

Statutory tolling is available when, during the pendency of the one-year limitations period, a petitioner properly files a petition for collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner did not file his application for post-conviction relief until December 12, 2012, over one year after his limitations period had expired. Because the statute of limitations had already expired,

5

Petitioner is not entitled to any statutory tolling while that post-conviction action was pending. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

### B. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 2562; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (Equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted). Equitable tolling would be appropriate, for example, when a prisoner is actually innocent; when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *Gibson*, 232 F.3d at 808 (internal citations omitted). The Supreme Court has held that "actual innocence, if proved serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). Such tolling of the limitations period for actual innocence, however, is appropriate only in rare instances in which the petitioner shows that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*

(quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner pled guilty to the charges lodged against him, and he has not presented any new evidence demonstrating actual innocence. Thus, Petitioner has not shown that he is entitled to equitable tolling of the limitations period on the grounds of actual innocence.

The Petition should, therefore, be dismissed as untimely.

## RECOMENDATION

For the foregoing reasons, the undersigned finds that Petitioner's habeas petition is untimely and recommends that the Court **DISMISS** it on filing.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 7, 2014**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation will constitute waiver of his right to appellate review. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 21, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE